UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HEARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YOLO COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　　Defendant. | No. 2: 22-cv-1851 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The only named defendant is the Yolo County Sheriff's Department. The complaint contains four claims. In claims one and three, plaintiff alleges that he was retaliated against for refusing to answer questions during the booking process at the Yolo County Jail. In claim two, plaintiff alleges that he received a note in his cell at the Yolo County Jail stating that everyone knew that plaintiff was a sex offender and that plaintiff was dead. Plaintiff appears to claim that the note was written by an employee of the Yolo County Jail. In claim four, plaintiff appears to claim that he was denied access to mental health care at the Yolo County Jail.

Based on plaintiff's allegations, it appears that plaintiff was a pretrial detainee at all relevant times alleged in the complaint.

A subsidiary of a public entity is not a proper defendant on a § 1983 claim. See Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("The County is a proper defendant in a § 1983 claim, an agency of the County is not."); Nelson v. County of Sacramento, 926 F.Supp.2d 1159, 1170 (E.D. Cal. Feb. 26, 2013) ("Under § 1983, 'persons' includes municipalities. It does not include municipal departments.").

Because the Yolo County Sheriff's Department is a subdivision of a local government entity (in this case Yolo County), the Yolo County Sheriff's Department is not a proper defendant for purposes of plaintiff's § 1983 claims. The correct defendant is Yolo County.

Even were the undersigned to construe plaintiff's claims as made against defendant Yolo County, plaintiff has not stated potentially colorable claims because plaintiff does not allege that the alleged deprivations occurred as a result of an official policy or longstanding custom. The undersigned herein sets forth the relevant legal standards.

To state viable claims for municipal liability, plaintiff must plead: "(1) that the plaintiff possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and,

(4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (2011) (internal quotation marks and citations omitted). "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." City of Okla. City v. Tuttle, 471 U.S. 808, 823 (1985). Because no respondeat superior liability, which means that the entity is responsible for the alleged bad acts of its employee, exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). This standard is applicable to pretrial detainees. Edmundson v. Flathead Cty. Sheriff Dept., 654 Fed.Appx. 264, 264-65 (9th Cir. 2016) (applying Rhodes to pretrial detainee); Williams v. Madrid, 609 Fed.Appx. 421 (9th Cir. 2015) (applying Rhodes to civil detainee).

If plaintiff files an amended complaint alleging that he was retaliated against pursuant to an official policy or longstanding custom of defendant Yolo County, plaintiff shall clarify the protected conduct for which he was retaliated against. If plaintiff is claiming that his refusal to answer questions during the booking process constituted protected conduct, plaintiff shall identify the questions he refused to answer in the amended complaint.

Because plaintiff was a pretrial detainee at all relevant times, his failure-to-protect and inadequate mental health care claims are brought pursuant to the Fourteenth Amendment. Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016). To state potentially colorable Fourteenth Amendment claims alleging failure-to-protect and inadequate mental health care against a municipality, a detainee must show 1) "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation," and (2) "demonstrate that the custom or policy was adhered to with deliberate indifference to the constitutional rights of the jail's

1 inhabitants." Castro, 833 F.3d at 1075–76. The deliberate indifference standard for
2 municipalities is an objective standard. Id. at 1076. "This Castro objective standard is satisfied
3 when 'a § 1983 plaintiff can establish that the facts available to city policymakers put them on
4 actual or constructive notice that the particular omission [or act] is substantially certain to result
5 in the violation of the constitutional rights of their citizens.'" Mendiola-Martinez v. Arpaio, 836
6 F.3d 1239, 1248–49 (9th Cir. 2016) (quoting Castro, 833 F.3d at 1076) (alteration in original).

7     If plaintiff chooses to amend the complaint, plaintiff is informed that the court cannot
8 refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule
9 220 requires that an amended complaint be complete in itself without reference to any prior
10 pleading. This requirement exists because, as a general rule, an amended complaint supersedes
11 the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir.
12 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-
13 existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original
14 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
15 original complaint, each claim and the involvement of each defendant must be sufficiently
16 alleged.

17     In accordance with the above, IT IS HEREBY ORDERED that:
18     1. Plaintiff's request for leave to proceed in forma pauperis is granted.
19     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
20 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
21 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
22 Director of the California Department of Corrections and Rehabilitation filed concurrently
23 herewith.
24     3. Plaintiff's complaint is dismissed.
25     4. Within thirty days from the date of this order, plaintiff shall complete the attached
26 Notice of Amendment and submit the following documents to the court:
27         a. The completed Notice of Amendment; and
28         b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  October 31, 2022

*(signature)*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Heard1851.15

```
 1
 2
 3
 4
 5
 6
 7
 8                          UNITED STATES DISTRICT COURT
 9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JOHNNY HEARD,                          No. 2: 22-cv-1851 KJN P
12                 Plaintiff,
13        v.                                NOTICE OF AMENDMENT
14   YOLO COUNTY SHERIFF'S
     DEPARTMENT,
15
                   Defendant.
16
17        Plaintiff hereby submits the following document in compliance with the court's order
18   filed_____.
                  _____      Amended Complaint
19   DATED:
20
21                                          _____
                                            Plaintiff
22
23
24
25
26
27
28
```