UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HEARD, | No. 2: 22-cv-1851 KJN P |
| Plaintiff, | |
| v. | ORDER |
| YOLO COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On November 1, 2022, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 11.) On November 17, 2022, plaintiff filed an amended complaint. (ECF No. 16.) For the reasons stated herein, the amended complaint is dismissed with leave to file a second amended complaint.

The only named defendant is Yolo County. In claim one, plaintiff alleges that on April 6, 2022, he was booked into the Yolo County Jail. (Id. at 3.) Plaintiff alleges that he was forced to wear a smock that reeked of urine. (Id.) Plaintiff was put in a cell for one week and was not given a mattress, sheet, blanket, toilet paper or underwear. (Id.) Plaintiff was forced to go to court wearing only the smock. (Id.) Plaintiff asked deputies for toilet paper and other necessities, but the deputies denied his requests. (Id.) Plaintiff alleges that it is standard procedure for

1 | inmates to receive a jumpsuit, shoes, t-shirt, underwear, mattress, sheet and blanket. (Id.)

2 |     In claims two and three, plaintiff alleges that on June 24, 2022, Deputies Drozd and Ruiz called plaintiff out of his cell and asked plaintiff to sign a sex offender registration form. (Id. at 4, 5.) Plaintiff is not a sex offender. (Id.) An inmate saw the sex offender form and the next day a note was slid under plaintiff's door stating that all of the inmates knew that plaintiff was a sex offender and plaintiff was a dead man. (Id.) Plaintiff alleges that it was later proven to the other inmates that he was not a sex offender. (Id.) Plaintiff alleges that there was tension until the inmates received this proof. (Id.) Plaintiff alleges that it got to the point where he had to be placed in administrative segregation because he could not take it anymore. (Id.) Plaintiff alleges that bringing the sex offender paperwork into the general population put his life at risk. (Id.)

    As stated in the November 1, 2022 order, to state viable claims for municipal liability, plaintiff must plead: "(1) that the plaintiff possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (2011) (internal quotation marks and citations omitted). "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." City of Okla. City v. Tuttle, 471 U.S. 808, 823 (1985). Because no respondeat superior liability, which means that the entity is responsible for the alleged bad acts of its employee, exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

    Plaintiff does not contend that the deprivations alleged in claims one, two and three occurred pursuant to a policy of defendant Yolo County. In fact, in claim one, plaintiff alleges that the deprivations occurred in contravention of Yolo County Jail policy. For these reasons, plaintiff's amended complaint is dismissed with leave to file a second amended complaint.

    If plaintiff files a second amended complaint, he may consider naming as defendants those individuals who caused the alleged deprivations, i.e., the individuals who denied his requests for toilet paper, etc. and those individuals who brought the sex offender paperwork to the general

population.

Plaintiff is also informed that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff appears to have been a pretrial detainee at the time of the alleged deprivations. Therefore, his claims challenging conditions of confinement are analyzed under the Fourteenth

Amendment's Due Process Clause.  Gordon v. Cty. of Orange, 888 F.3d 1118, 1124 n.2 (9th Cir. 2018).  Plaintiff must show the following elements in a claim of unconstitutional conditions of confinement: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable steps to alleviate or remedy the conditions, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; and 4) by not taking such measures, the defendant caused the plaintiff's injuries.  Castro v. County of Los Angeles, 833 F.3d 1060, 1068–71 (9th Cir. 2016); Gordon v. Cty. of Orange, 888 F.3d at 1125.

Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in the recommendation of dismissal of this action.

Dated:  November 28, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

He1851.am